**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARANJIT SINGH, | No. 07-73938 |
| Petitioner, | Agency No. A079-090-481 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010<sup>**</sup>

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Taranjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying Singh's motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Ordonez v. INS*, 345 F.3d

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

777, 782 (9th Cir. 2003).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because Singh's motion was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed circumstances in India to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R.§ 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is  . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

To the extent Singh challenges the BIA's April 24, 2006, order dismissing his appeal from the immigration judge's decision denying his application for asylum and withholding of removal, or the BIA's December 28, 2007, order denying Singh's second motion to reopen, we lack jurisdiction because this petition for review is not timely as to those two orders.  *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).  Furthermore, we decline to reconsider Singh's challenge to the BIA's September 8, 2006, order denying his motion to reconsider because his contentions have already been rejected by this

court. *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**